UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **Protective Order** |
| v. | **24 Cr. 599 (JPO)** |
| KENAN TARIVERDI, *et al.*, | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities, including medical patient information, bank records, financial records, and other documents containing personal identifying information such as Social Security numbers, dates of birth, home addresses, and other sensitive information; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited

redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to each defendant or his counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

### Disclosure and Treatment

3. With the exception of otherwise previously publicly available documents and information, Disclosure Material:

    a. shall be used by the defendants or their respective counsel only for the purpose of defending this criminal action;

    b. shall not be disclosed in any form by the defendants or their counsel except as set forth in paragraph 3 (c) below; and

    c. May be disclosed by the defendants or their counsel in this action only to the following persons (hereinafter "Designated Persons"):

        i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's counsel;

        ii. independent expert witnesses, investigators or expert advisors being consulted or retained in connection with this action;

2023.11.26

      iii.  prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case;

      iv.  co-counsel and co-defendants in this case with whom a joint defense or common interest agreement exists; and

      v.  such other persons as hereafter may be authorized by agreement of the parties, in writing, or by the Court upon the defendant(s)'s motion.

4.   The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

5.   Each defendant and his counsel will not attach any APO Material, any medical patient information, or other non-redacted records containing personal identifying information such as Social Security numbers, dates of birth, home addresses, and other sensitive information produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials, or their contents in any other manner, without prior notice to the Government. Each defendant and his counsel shall initially file APO Material, any medical patient information, or other non-redacted records containing personal identifying information such as Social Security numbers, dates of birth, home addresses, and other sensitive information pertinent to any motion before the Court under seal, absent consent of the Government or Order of the Court. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

2023.11.26

6. APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by each defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

## Other Provisions

7. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

8. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. The defense shall provide a copy of this Order to prospective witnesses and persons consulted or retained by counsel to whom the defense has disclosed Disclosure Material and all such persons shall be subject to the terms of this Order. Any witness to whom APO materials are disclosed shall sign an acknowledgment, to be retained by each defendant's counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant

2023.11.26

to terms of this Order. Defense counsel shall maintain a record of what information, including APO information, has been disclosed to which such persons.

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case, including Supreme Court review; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, the conclusion of any habeas proceedings; or the one-year limitation period to bring a petition pursuant to 28 U.S.C. §2255, if no such petition is filed prior to that time, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

11. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the respective defendant.

2023.11.26

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney


by: _____    Date:  November 19, 2024_____
Cecilia Vogel / Vladislav Vainberg / Christopher Brumwell
Assistant United States Attorneys


_____    Date:  November 19, 2024_____
J. Bruce Maffeo
Counsel for Kenan Tariverdi


_____    Date:  _____
Glen McGorty
Counsel for Nazim Tariverdi


_____    Date:  _____
Gedalia Moshe Stern
Counsel for Dilshod Islamov


_____    Date:  _____
Benjamin Christopher Zeman
Counsel for Alvaro Geovanni Quijada-Lemus


SO ORDERED:

Dated:  New York, New York
            November __, 2024


_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

2023.11.26

## **Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney


by: _____     Date:  _November 19, 2024_____
    Cecilia Vogel / Vladislav Vainberg / Christopher Brumwell
    Assistant United States Attorneys



_____     Date:  _____
    J. Bruce Maffeo
    Counsel for Kenan Tariverdi


_____     Date:  _November 22, 2024__
    Glen McGorty
    Counsel for Nazim Tariverdi


_____     Date:  _____
    Gedalia Moshe Stern
    Counsel for Dilshod Islamov


_____     Date:  _____
    Benjamin Christopher Zeman
    Counsel for Alvaro Geovanni Quijada-Lemus


SO ORDERED:

Dated:  New York, New York
       November __, 2024


                      _____
                      THE HONORABLE J. PAUL OETKEN
                      UNITED STATES DISTRICT JUDGE

2023.11.26

**Retention of Jurisdiction**

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: ___November 19, 2024_____
Cecilia Vogel / Vladislav Vainberg / Christopher Brumwell
Assistant United States Attorneys


_____          Date: _____
J. Bruce Maffeo
Counsel for Kenan Tariverdi


_____          Date: _____
Glen McGorty
Counsel for Nazim Tariverdi

_____          Date: ___11/20/24_____
Gedalia Moshe Stern
Counsel for Dilshod Islamov


_____          Date: _____
Benjamin Christopher Zeman
Counsel for Alvaro Geovanni Quijada-Lemus


SO ORDERED:

Dated: New York, New York
         November __, 2024

                                            _____
                                            THE HONORABLE J. PAUL OETKEN
                                            UNITED STATES DISTRICT JUDGE

6

2023.11.26

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____        Date:  November 19, 2024
Cecilia Vogel / Vladislav Vainberg / Christopher Brumwell
Assistant United States Attorneys

_____        Date: _____
J. Bruce Maffeo
Counsel for Kenan Tariverdi

_____        Date:  November 22, 2024
Glen McGorty
Counsel for Nazim Tariverdi

_____        Date: _____
Gedalia Moshe Stern
Counsel for Dilshod Islamov

_____        Date:  11·25·24
Benjamin Christopher Zeman
Counsel for Alvaro Geovanni Quijada-Lemus

SO ORDERED:

Dated: New York, New York
        November __, 2024

_____
THE HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

2023.11.26

6